UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CRIMINAL MINUTES – GENERAL**

Case No.: 8:22-cv-00460-DOC          Date: June 9, 2022

Present: The Honorable: David O. Carter

Interpreter: N/A

| Karlen Dubon | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Assistant U.S. Attorney |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App |
|---|---|---|---|---|---|---|
| Bogar Omar Figueroa | | N/A | | N/A | | |

## Proceedings (In Chambers): ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [519]

Before the Court is Petitioner Bogar Omar Figueroa's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence ("Motion") (Dkt. 519) pursuant to 28 U.S.C. § 2255 filed on March 25, 2022. Having considered the parties' arguments, Court **DENIES** Petitioner's Motion and **VACATES** the hearing scheduled for June 13, 2022.

### I. Background

#### A. Facts

This case arises out of Petitioner's conviction in November 2020, after a guilty plea, for violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and sentencing to 40 months imprisonment. Judgment (Dkt. 460) at 1. In June 2017, Drug Enforcement Administration investigators found Petitioner in possession of 27 bags of cocaine weighing over 28 kilograms in total and Petitioner was indicted in June 2019 as part of a drug trafficking conspiracy. Opposition to Motion to Vacate Sentence ("Opp'n") (Dkt. 523) at 2-3. After unsuccessfully attempting to negotiate a plea for a non-aggravated felony, defense counsel and Petitioner signed a plea agreement for the above violations in November 2019. *Id.* at 3-4. In December 2019, Petitioner affirmed that he had read and understood his plea agreement after discussing it with his attorney. *Id.* at 5. During the sentencing process, Petitioner referenced his almost certain deportation. *Id.* at 6-7. Judgement was filed in November 2020 and Petitioner did not appeal. *Id.* at 7.

On March 25, 2022, pursuant to 28 U.S.C. § 2255 and *Padilla v Kentucky*, 559 U.S. 356 (2010), Petitioner filed the instant Motion, arguing that his Sixth Amendment right to effective counsel was violated

because his defense counsel failed to adequately inform him of the immigration consequences of a guilty plea. Motion at 1. Specifically, Petitioner argues that he was not properly advised by counsel that his guilty plea to an aggravated felony would entail mandatory deportation and that he would have sought other alternatives like proceeding to trial if he had properly understood the certainty of deportation. *Id.* at 5.

### B. Procedural History

On March 25, 2022, Petitioner filed the instant Motion. On April 20, 2022, respondent United States of America (the "Government") filed its Opposition.

## II. Legal Standard

Section 2255 allows for a conviction or sentence to be set aside if it "was imposed in violation of the Constitution" and requires that motions under the section be filed within one year of "the date on which the judgement of conviction becomes final" or, if later, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(a), (f).

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *United States v. Span*, 75 F.3d 1383, 1387 (9th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A petitioner may raise a claim of ineffective assistance of counsel for the first time on a motion to vacate his sentence. *Id.* at 1387. In order to show that assistance was defective, a petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. A petitioner must successfully make both showings to obtain relief. *Id.*

Section 2255 requires a hearing on the Motion unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Baumann v. United States*, 692 F.2d 565, 570-71 (9th Cir. 1982). Because "a hearing is not automatically required on every [S]ection 2255 petition," and "[m]ere conclusory statements by the petitioner do not justify a hearing," the instant Motion need not trigger a hearing if "viewing the petition against the record" the allegations "warrant summary dismissal." *Baumann*, 692 F.2d at 571.

## III. Discussion

Petitioner moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and *Padilla v. Kentucky*, 559 U.S. 356 (2010). Motion. Petitioner supports this Motion with documentation regarding the removal proceedings against him, Notice to Appear (Dkt. 519) Ex. A; a statement by his immigration attorney regarding the severity of removal in general, Declaration of Joseph Porta (Dkt. 519) Ex. B; and Petitioner's own declaration, Declaration of Bogar Figueroa ("Petitioner's Decl.") (Dkt. 519) Ex. C. The Government argues that Petitioner's Motion is not timely, that Petitioner's original counsel did properly advise Petitioner of the consequences of a plea, and that, even if counsel was ineffective, Petitioner was not prejudiced in taking the plea. *See generally* Opp'n. The Government supports these arguments with a declaration by Petitioner's original

counsel, Declaration of Todd W. Burns ("Burns Decl.") (Dkt. 523-8), and court records that indicate that Petitioner's inevitable deportation was discussed and acknowledged at sentencing, Reporter's Transcript of Sentencing Proceedings ("Sentencing Transcript") (Dkt. 523) Ex. 6 at 9-11.

For the reasons discussed below, Petitioner's arguments fail.

### A. Timeliness of the Motion

Petitioner argues that his Motion is timely under section 2255 because he was not aware of the severe immigration consequences of his plea until removal proceedings were initiated against him on September 23, 2021, and therefore could not have discovered the facts regarding his 2255 claim until that day. Motion at 3-4. The Government contends that Petitioner knew of these consequences during his plea and sentencing proceedings, meaning that the latest date his Motion could be filed is one year from the day his judgement became final on November 24, 2020. Opp'n at 8-10.

The record indicates that, at the very latest, Petitioner would have known he faced deportation during his sentencing hearing on November 19, 2020 when this Court acknowledged Petitioner would "in all likelihood surely be deported to Mexico," citing Petitioner's own sentencing memorandum. Sentencing Transcript at 9. As a result, it seems highly likely that Petitioner was aware, or should have been aware, that his plea would likely result in deportation prior to his judgement becoming final on November 24, 2020. Thus, Petitioner's March 25, 2022 Motion is time barred.

### B. Adequacy of Counsel's Performance

Even if Petitioner's claim was timely, it fails on the merits.

Petitioner contends that his original counsel was ineffective because he failed to advise Petitioner that deportation was nearly certain if Petitioner pleaded guilty to an aggravated felony. Motion at 2. Petitioner claims that, under *Padilla*, this failure to correctly advise him constituted constitutionally ineffective counsel in violation of *Strickland* and *Padilla*. *Id.* at 2, 4. The Court disagrees.

To satisfy the first prong of *Strickland's* analysis, Petitioner must prove that his counsel's performance "fell below an objective standard of reasonableness." *Padilla v. Kentucky*, 559 U.S. 356 (2010) (quoting *Strickland*, 446 U.S. at 668). In criminal cases where the consequence of presumptively mandatory deportation is clear upon conviction, this standard requires that counsel correctly communicate that consequence to a client. *Padilla*, 559 U.S. at 368-69. Adequately communicating the consequences to a client in such a case mandates that counsel advise their client that a conviction will make deportation "virtually certain, or words to that effect." *United States v. Rodriguez-Vega*, 797 F.3d 781, 786 (9th Cir. 2015). Merely explaining that there is a potential for removal when deportation is virtually certain is constitutionally ineffective performance. *Id.* at 788.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

The record strongly supports a finding that Petitioner was adequately advised by counsel regarding his almost certain deportation. Firstly, Petitioner's original counsel, Todd W. Burns, filed a declaration asserting that he understood the deportation consequences of pleading guilty to an aggravated felony, that he specifically advised Petitioner that "it was nearly certain he would be deported/removed," and that he attempted to negotiate with the Government to obtain a plea without an aggravated felony specifically *because* of the deportation consequences involved for Petitioner. Burns Decl. at 2. These negotiations are detailed in emails between Burns and the Government and show that the Government rejected any attempt to obtain a plea that would not result in deportation. E-mail from Ann Luotto Wolf to Todd W. Burns (Dkt. 523) Ex. 1 at 1. After Petitioner then signed his guilty plea, Petitioner's counsel filed a sentencing memorandum that acknowledged the near certainty of Petitioner's deportation and referenced that near certainty at sentencing. Sentencing Transcript at 9. Petitioner's only support for his contention is an assertion, more than a year after sentencing, that his original counsel only advised him that deportation was a possibility stemming from his plea. Petitioner's Decl. at 1. Given the great weight of evidence contemporaneous with Petitioner's criminal proceedings that contradicts this single after-the-fact assertion, Petitioner's claim of ineffective performance of counsel fails.

As a result, the record strongly supports the statements by Petitioner's original counsel that he adequately advised his client of the nearly certain immigration consequences of his plea and acted with those consequences in mind. Therefore, Petitioner's original counsel satisfied the standard, articulated in *Padilla* and *Rodriguez-Vega*, that he communicated the virtual certainty of deportation to his client. *Padilla*, 559 U.S. at 369; *United States v. Rodriguez-Vega*, 797 F.3d 781, 786 (9th Cir. 2015).

Because Petitioner was unable to show that his counsel's performance was ineffective, the Court does not address the issue of prejudice and his Motion is denied in full.

### C. An Evidentiary Hearing is Unnecessary

Though section 2255 normally necessitates a hearing on the Motion to determine the validity of the claim, such a hearing is not necessary when the "records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because, as discussed above, Petitioner's motion is likely untimely and because Petitioner has failed to show that he is entitled to any relief under *Padilla*, an evidentiary hearing that would likely serve no purpose other than to repeat the assertions already in the record is not necessary.

### IV. Disposition

For the reasons stated above, Petitioner's Motion is **DENIED** in full and the hearing set for June 13, 2022 at 8:30 am is accordingly **VACATED**.

The Clerk shall serve this minute order on the parties.

|  | : |
|---|---|
| Initials of Deputy Clerk | kdu |